IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

REGINALD L. WEATHERSPOON, )
IDOC # B13014, )
 )
       Plaintiff, )
 )
vs. ) CIVIL NO. 11-232-GPM
 )
KEVIN PIERCE, et al., )
 )
       Defendants. )

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Reginald L. Weatherspoon, a prisoner in the custody of the Illinois Department of Corrections ("IDOC") who currently is serving a sentence of nine years' imprisonment at the Menard Correctional Center for delivery of cannabis, brings this action pro se pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights by persons acting under color of state law. Weatherspoon's complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A, which provides, in relevant part:

> (a) Screening. – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for Dismissal. – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which

relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Though the Court must accept a plaintiff's factual allegations as true, "some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Also, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. The factual allegations of a pro se complaint must be liberally construed. *See Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

According to the allegations of Weatherspoon's pro se complaint and the documentation submitted by Weatherspoon in support thereof, on March 31, 2009, Weatherspoon, who was incarcerated at the time at the Pinckneyville Correctional Center ("Pinckneyville"), was issued a disciplinary ticket by Defendant Kevin Pierce, a correctional officer at Pinckneyville, for allegedly assaulting Pierce by throwing urine on him. On April 2, 2009, an adjustment committee at Pinckneyville consisting of Defendants Brett A. Klindworth and Carol A. McBride, both of whom are correctional officers at Pinckneyville, found Weatherspoon guilty of the charged assault and sentenced Weatherspoon to: one year's reduction to disciplinary grade C; one year's disciplinary segregation; revocation of one year's good-time credit; a six-month restriction on contact visits; a one-year restriction on Weatherspoon's commissary privileges; a Level 1 transfer; and a disciplinary transfer. On April 3, 2009, the adjustment committee's sentence was approved by

Defendant Gregory C. Schwartz, the warden at Pinckneyville. According to Weatherspoon, on May 28, 2009, following an investigation of the March 31 assault incident, Defendant Jason Bradley, an officer in the internal affairs unit at Pinckneyville, recommended to Schwartz that the incident be referred to the state's attorney of Perry County, Illinois, for possible criminal prosecution of Weatherspoon in connection with the incident. Weatherspoon subsequently was charged by the Perry County state's attorney with aggravated battery in connection with the March 31 incident. On October 8, 2010, after a bench trial in the Perry County circuit court on the aggravated battery charge, Weatherspoon was acquitted of the charge. Named as Defendants in this case, in addition to Pierce, Klindworth, McBride, Schwartz, and Bradley, are Sherry Benton, a member of the IDOC's administrative review board who affirmed a denial of a grievance Weatherspoon filed in connection with his disciplinary sentence at Pinckneyville, and Michael P. Randle, the former director of the IDOC, who concurred in Benton's decision. Weatherspoon seeks expungement of the disciplinary report written against him by Pierce in connection with the incident on March 31, 2009, and compensatory and punitive damages.

This case presents a straightforward collateral attack on Weatherspoon's prison disciplinary sentence in the form of an action for damages under 42 U.S.C. § 1983. The disposition of Weatherspoon's Section 1983 challenge to his disciplinary sentence is equally straightforward: the Court cannot entertain a prisoner's collateral attack in the form of a damages suit under Section 1983 on a prison disciplinary sentence that has not been expunged or invalidated. In general, a plaintiff convicted or sentenced for an offense may not bring an action for damages under Section 1983 where "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," save when "the plaintiff can demonstrate that the conviction or sentence

has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). The rule of *Heck v. Humphrey* "is intended to prevent collateral attack on a criminal conviction through the vehicle of a civil suit." *McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006). The *Heck* rule extends to civil rights claims arising out of prison disciplinary hearings, if those claims necessarily call into question the validity of sentences imposed by prison authorities for infractions of prison discipline. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (a prisoner's claim for damages "based on allegations of deceit and bias on the part of the decisionmaker [in a prison disciplinary hearing] that necessarily imply the invalidity of the punishment imposed . . . is not cognizable under § 1983"); *Dixon v. Chrans*, 101 F.3d 1228, 1230-31 (7th Cir. 1996) (a claim for damages that necessarily questions the validity of a sentence imposed by a prison disciplinary committee is barred by *Heck*); *Clayton-El v. Fisher*, 96 F.3d 236, 242-45 (7th Cir. 1996) (a prisoner's Section 1983 claim against prison officials for alleged violations of procedural due process when placing the prisoner in segregation was *Heck*-barred).

The *Heck* bar "concern[s] the allocation between collateral review and damages actions as a matter of federal law" and, thus, has "no application when collateral review is unavailable – either because the plaintiff's custody has expired or because he was never 'in custody' as a result of the defendants' contested actions." *Simpson v. Nickel*, 450 F.3d 303, 307 (7th Cir. 2006). In the absence of such contingencies, then, "when a prisoner seeks damages under federal civil rights law for 'harm caused by actions whose unlawfulness would render a conviction or sentence invalid,' the prisoner must as a condition of maintaining the suit show that the conviction or sentence has been invalidated either by the state which rendered it, or by a federal court in a proceeding for habeas corpus." *Miller v. Indiana Dep't of Corr.*, 75 F.3d 330, 331 (7th Cir. 1996) (quoting *Heck*, 512 U.S. at 486).

Thus, the principal federal remedy for an allegedly improper prison disciplinary sentence is not 42 U.S.C. § 1983 and damages but an application for a writ of habeas corpus. In *Heck* the Court explained,

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus [pursuant to] 28 U.S.C. § 2254.

512 U.S. at 486-87. *See also Muhammad v. Close*, 540 U.S. 749, 751 (2004) (in a Section 1983 action arising out of a disciplinary ticket issued to a state prisoner, noting that *Heck* compels "resort to state litigation and federal habeas before § 1983" in cases where "a prisoner's [legal] challenge . . . threatens . . . consequence for his conviction or the duration of his sentence."); *DeWalt v. Carter*, 224 F.3d 607, 614 (7th Cir. 2000) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973)) ("Congress . . . has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983."). Where Weatherspoon's prison disciplinary sentence has not been invalidated, this suit must be dismissed; Weatherspoon's remedy is habeas corpus, not Section 1983.[1]

---

1. This does not mean, it is worth pointing out, that this Court is authorized to construe Weatherspoon's complaint in this case as a petition brought pursuant to 28 U.S.C. § 2254. "[W]hen a suit that should have been prosecuted under the habeas corpus statute is prosecuted as a civil rights suit instead, it should not be 'converted' into a habeas corpus suit and decided on the merits." *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999). Instead, a prisoner's civil rights suit "should simply be dismissed, leaving to the prisoner to decide whether to refile it as a petition for habeas corpus. The reasons are various, and include the fact that habeas corpus for state prisoners requires exhaustion of state remedies and that prisoners generally are limited to seeking federal habeas corpus only once." *Id*.

To conclude, pursuant to 28 U.S.C. § 1915A, the Court finds that Weatherspoon's complaint fails to state a claim upon which relief may be granted. Therefore, this action is **DISMISSED with prejudice**. Weatherspoon is advised that the dismissal of this case will count as one of his three allotted "strikes" under 28 U.S.C. § 1915(g). The Clerk of Court will enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

DATED:  April 12, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge